J. D. BLACKWOOD AND AUSTIN BLACKWOOD

v.

EMERETTA BOWEN.

*Negotiable Instruments—Usury—Sec. 8, Chap. 74, R. S.*

1. A note given as collateral security for a pre-existing debt is founded upon a valid consideration.

2. In an action brought to recover upon a note given as collateral to a note for a like sum, secured by a trust deed upon real estate, an extension of the loan represented thereby having been arranged, a foreclosure subsequently taking place, and a deficiency judgment against the makers of said collateral note entered, this court holds that the latter note was based on a sufficient consideration, that the usury law of the State of New York in view of Sec. 8, Chap. 74, Ill. Stats., did not apply thereto, and declines to interfere with the judgment for the plaintiff.

3. This court holds as proper, in the case presented, the refusal to strike the declaration from the files and dismiss the suit on account of an alleged variance between the writ and declaration, and for an alleged misjoinder of counts in debt and assumpsit in said declaration, on the ground that there is no variance, and that there is no count of debt in the declaration.

[Opinion filed June 21, 1892.]

Blackwood v. Bowen.

APPEAL from the Circuit Court of Jackson County; the Hon. W. W. BARR, Judge, presiding.

Mr. JOHN H. BAIN, for appellants.

Messrs. SMITH, McELVAIN & HERBERT, for appellee.

SAMPLE, J. The appellee brought suit against appellants upon the following instrument:

"MURPHYSBORO, ILL., October 1, 1886.

For value received we promise to pay, five years after date, to the order of Emeretta Bowen, at the First National Bank of Batavia, New York, the sum of $1,000, with interest thereon at the rate of eight per cent per annum from and after the first day of July, A. D. 1886, until paid. Interest payable on the first days of January and July of each and every year; this note being given as collateral to a note made by James M. Blackwood (our father, now deceased,) for a like sum, dated June 1, A. D. 1872, and payable June 1, A. D. 1877, to the order of said Emeretta Bowen, with ten per cent interest, which note was secured by deed of trust on the N. W. ¼ of the S. W. ¼, and the S. E. ¼ of the S. W. ¼ of Sec. 20, in T. 9. S., R. 2, W. of the 3d P. M., in Jackson Co., Ill., * * * the time of payment of which note was extended until July 1, 1886, and interest rate reduced to eight per cent. The lien of said trust deed on said land is to continue until said $1,000, with the interest thereon, is paid according to this note.

J. D. BLACKWOOD,

AUSTIN BLACKWOOD."

· The declaration contained a special count on the foregoing note, certain common counts, and a count on an account stated. Appellants moved to strike the declaration from the files and dismiss the suit on account of a variance between the writ and declaration, and for a misjoinder of counts in debt and assumpsit in the same declaration, which was overruled, and that action of the court is the first error assigned. We hold on this point that there was no variance between the writ and declaration, and that there is no count of debt in the declara-

tion.   The writ is in assumpsit as well as the first special
count declaring upon the note, both in substance and form.
The plaintiff complains of the defendants " on a plea of tres-
pass on the case on promises."   Its conclusion is in assumpsit
in form, except as to the words, " and by force of the statute
in such case made and provided," which are merely surplus-
age.   The motion was properly overruled.   The appellants
then pleaded *nil debit*—which should have been stricken out
as not a proper plea—usury under the law of New York,
want of consideration, and the statute of limitations, on which
issues were joined, and on trial before the court, judgment was
rendered in favor of the plaintiff for the sum of $269.

The recitals of the note contain a substantial history of the
facts that led to its execution.   It appears further from the
evidence that the wife of James M. Blackwood also signed
the trust deed securing the note signed by him; that the only
heirs left surviving, were the widow and the signers of the
note in suit; that the eighty acres covered by the trust deed
was the homestead and the only land or property that was left
by the deceased which was not worth to exceed $1,000; that
the appellants, after the death of their father, obtained an ex-
tension of the time for the payment of the note signed by their
father, in consideration of which they signed the note in suit;
that they failed to pay the interest as agreed, whereupon the
trust deed was foreclosed, the widow and appellants being
made parties, and the land was sold for an amount which left
the deficiency with the interest that accumulated, for which
judgment was rendered in this case.

The points of defense presented on the merits are, first,
that there was a want of consideration for the execution of
the note in suit; second, that the usury laws of the State of
New York applied to the note, by which all notes that drew
more than six per cent interest were void.

There was not a want of consideration for the execution of
the note in suit.   The makers became the owners of the land
on which the trust deed was a lien, on the death of their
father, subject to the homestead and dower rights of their
mother.   In addition to this, they were interested, not only

morally but legally, in providing for her a home and support. They induced the appellee to extend the time of payment on the note given by their father which was due at the time of his death. By this act they deprived the appellee of the substantial right of a speedy foreclosure of the trust deed and collection of her debt, and she might also have been injured by a depreciation of the value of the property, and thus further hazarded the collection of the debt. They were not strangers to the property involved; on the contrary, they had a direct interest in it. By getting the time extended they would be benefited in the way of providing for its ultimate redemption, thus securing a home and support for their mother while she lived, and the property for themselves thereafter. It is no answer to say that the property was not worth more than the indebtedness. That was a matter for earlier consideration before the giving of the note in the suit. They evidently thought some advantage would accrue to them by securing an extension of time within which to meet the debt. They can not now be heard to say that they were mistaken. A note given as collateral security for a pre-existing debt is founded upon a valid consideration. See Hancock v. Hodgson, 3 Scam. 329, a case in its facts and in principle much like the one under consideration.

The note was not usurious. It was lawful for the parties under the laws of Illinois at the time, to contract for the payment of eight per cent interest. This rate was expressly contracted for, as shown by the correspondence between the agents of the respective parties, before the note in suit was executed. Sec. 8, Chap. 74, R. S., provides that "When any written contract, wherever payable, shall be made between a citizen of this State and a citizen of any other State, or shall be secured by trust deed on lands in this State, such contract may bear any rate of interest allowed by law, to be taken or contracted for by persons in this State, or may be allowed by law on any contract for money due or owing in this State." See Fowler v. Equitable Trust Co., Chicago Legal News of November 14, 1891, Supreme Court decision.

The judgment below was right and is affirmed.

*Judgment affirmed.*